ASHTON, Respondent, vs. P. F. COUGHLIN COMPANY, Appellant.

*December 6, 1922—January 9, 1923.*

*Municipal corporations: Construction work on streets: Person stepping into street: Negligence: Liability.*

1. If an insurance inspector who, while inspecting a building from the outside, stepped into a street where a contractor was rolling asphalt had a right to anticipate that the driver of the roller would be on the lookout, he had no right to rely on his keeping a lookout all of the time while backing; and where he had observed the work and could hear the exhaust from the roller and could see it more readily than the driver could see him, and knew that the street was barricaded against public travel, he was at least guilty of as great negligence as the driver, and cannot recover for injuries caused by being run over by the roller.

2. Construction work on a barricaded public street is sufficient
   notice to the public to keep off the street, and the rights of
   a contractor and his crew on the barricaded street are
   superior to those of the public because of the fact that the
   contractor occupies a public position, in that he is doing the
   work for the public and for its benefit.

APPEAL from a judgment of the circuit court for Winnebago county: WILBUR E. HURLBUT, Circuit Judge. *Reversed.*

Personal injury. The facts may be briefly stated. The plaintiff was an insurance inspector and the defendant was engaged in street construction in the city of Oshkosh. On the 20th of May, 1921, an employee of the defendant was rolling asphalt with a pony roller on a street in Green Bay. The portion of the street being improved had been barricaded to traffic and the construction work was between the barricades. No barricades were built along the sides of the street.

In the rolling of asphalt it is necessary for the rollerman to give close attention to the position of the roller at all times, and owing to the heat of the asphalt and to its being soft, the roller must not stop but must be kept in constant motion while on the hot asphalt. The plaintiff was inspecting a building from the outside, opposite the point where the road construction was going on. He stepped out into the street where the construction work seemed to him to be completed, turned around and faced the building, and was gazing upward at the building when the pony roller, operated by the rollerman, backed down upon him and ran over his foot and ankle. The driver of the roller was watching ahead to keep the roller in line and observe its operation. He did not turn to look behind him as he backed down the street. If he had, he could have seen the plaintiff. The plaintiff, before he went into the street, stood by a telephone pole about five minutes watching the street construction operations. He saw the roller moving back and forth across the street, fifty feet or more away, but it did

not occur to him that it would back down to the point where he was injured. When he went into the street he gazed at the building, oblivious to all else going on. When he was on the side of the street he could hear the exhaust of the road roller, but as he stood watching the building he heard nothing. The roller makes considerable noise in operation and no doubt plaintiff would have heard it had his mind not been preoccupied with his work.

The case was tried before a jury, and a general verdict rendered for the plaintiff in the sum of $1,000. The appellant assigns as errors that the court overruled his motion for a nonsuit, his motion for a directed verdict, his motion for judgment notwithstanding the verdict, and because the judgment is contrary to law.

For the appellant there were briefs by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *John F. Kluwin.*

For the respondent there was a brief by *Barber & Keefe* of Oshkosh, and oral argument by *Frank B. Keefe.*

CROWNHART, J. This case presents an unusual situation. Two men, the plaintiff and the rollerman, occupied a space in a public street, where each of them had a right to be, each being absorbed in his own business and entirely oblivious to the rights of the other. Generally speaking, construction work on a barricaded public street is sufficient notice to the public to keep off. The rights of the contractor and his crew are superior, on the barricaded street, to that of the public, because of the fact that the contractor occupies a public position in that he is doing the work for the public and for its benefit. It was the custom of the co-employees of the rollerman on this job to keep out of the way of the road roller, giving the driver an opportunity to watch his machine at all times in order to perform his work satisfactorily. The roller ran from two to four miles an hour. It made more or less noise, and any one on the

lookout would readily hear it and be able to step aside. The driver had no reason to anticipate that a man possessed of all his faculties would step into the street and turn and gaze at the buildings without giving any attention to the operations of the roller. Perhaps the plaintiff had a right to anticipate that if the roller came his way the driver would be on the lookout and not run over him. But he had no right to rely on the rollerman keeping a lookout behind all the time, for that would be impossible. If we find the rollerman guilty of negligence we also must find the plaintiff guilty of negligence. The negligence of the plaintiff was certainly as great as that of the rollerman. He had observed the progress of the work from the side of the street for five minutes; he could hear the exhaust from the roller as it was in operation; he could see the roller more readily than the driver could see him; and he knew the street was barricaded against public travel. It follows that he cannot recover.

*By the Court.*—The judgment is reversed, with directions to dismiss the complaint.