FENSKE, by guardian *ad litem,* Appellant, vs. KRAMP CONSTRUCTION COMPANY, Respondent.

FENSKE, Appellant, vs. KRAMP CONSTRUCTION COMPANY, Respondent.

DAY, Administratrix, Appellant, vs. KRAMP CONSTRUCTION COMPANY, Respondent.

*February 11—March 8, 1932.*

398

For the appellants there was a brief by *Brayton E. Smith,* attorney, and *Bird, Smith, Okoneski & Puchner* of counsel, all of Wausau, and oral argument by *Mr. C. B. Bird* and *Mr. Brayton E. Smith.*

For the respondent there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *R. T. Reinholdt.*

WICKHEM, J.   It is plaintiffs' first contention that the official warning, whereby Marathon county disclosed to those using the highway that the road was closed and could not be traveled, upon penalty of fine, was for the protection of Marathon county, and that the disregard of this sign by the plaintiffs would not constitute contributory negligence as a matter of law.

Sub. (6), sec. 82.04, Stats. 1929, vests in the county highway commissioner the power, in his discretion, to stop travel on any highway in process of construction or repair, by posting notices forbidding such travel at each end of said highway.   The statute further provides that any person violating this order shall be liable to a fine not exceeding $100, and in addition shall be liable for all damages done to the highway.   It is the contention of the plaintiffs that this section is for the sole benefit of the county; that in order that violation of a statute or ordinance may constitute negligence, it is necessary that the duty created thereby should have been for the benefit of, or should have been owed to, the person claiming to have been injured through the violation.   *Willette v. Rhinelander Paper Co.* 145 Wis. 537, 130 N. W. 853; *Griswold v. Camp,* 149 Wis. 399, 135 N. W. 754; *Lloyd v. Pugh,* 158 Wis. 441, 149 N. W. 150.

We think the purpose of the notice required by this section is to protect the traveling public.   The county is re-

lieved from its liability to travelers injured by reason of defects in highways under process of repair or construction, only when the county performs an act prescribed by the section. The prescribed act is a warning to the public to keep off the highway, under penalty. Thus the only recognized substitute for the obligation of the county to keep the highway in repair is the posting of a sign that by its warning will tend to protect the public from injury. Therefore it is concluded that when the county highway commissioner, in pursuance of the authority of this section, closes the road, forbids public travel under penalty, and warns the public of its lack of repair, the traveler who subjects himself to the penalty by disregarding the sign violates a safety ordinance designed for his protection, and is guilty of contributory negligence as a matter of law.

The next contention is that plaintiffs were licensees, to whom the defendant owed a duty of due care, which duty was violated by leaving the culvert unguarded. While the sign placed by the defendant is clear and unambiguous as to the fact that the road is closed, it is argued that since the barricade did not prevent entrance into the highway, since the reason for closing the road was stated to be that the bridge was out, and since everybody in the neighborhood knew that the bridge which was being replaced was two miles from the intersection of highways 49 and K, persons familiar with the situation were entitled to suppose that no new construction work was being done in the two miles north of county highway K, and further entitled to suppose that it was the intention to close the road to through traffic rather than to local traffic. From this it is contended that defendant's barricade, instead of constituting a warning, operated rather as an invitation to those living in the vicinity to use the road for local travel.

We have come to the conclusion that this contention is not valid. Highway work is progressive. The fact that a

portion of a closed road was not being worked yesterday, or last week, carries no assurance that the work may not have progressed in the meantime to the unoccupied portion of the closed road. This paving project was moving south to the intersection of highways 49 and K, and operations, to the knowledge of plaintiffs, had nearly reached the two-mile stretch north of the intersection. Notice had been given, both by the contractor and the county, that the road was not open for travel. When a road has thus been withdrawn from such travel, both by the act of the county highway commissioner and by the warning signs of the contractor, persons disregarding the signs and using the highway do so at their own peril. Both the county and the contractor have discharged their duty in the premises. This was the conclusion in *Shawano County v. Froemming Bros.* 186 Wis. 491, 202 N. W. 186, in which the court, speaking through Mr. Justice ESCHWEILER, said:

"That the portion of the public highway where the excavation was made might lawfully be withdrawn from public use and one traveling thereon does so at his peril, cannot well be questioned."

It was also held in that case that the fact that an opening had been left permitting passage through one side of the barrier cannot be construed as an invitation to the general public to travel thereon in the face of the warning conveyed by the barrier itself. See, also, *Ashton v. P. F. Coughlin Co.* 179 Wis. 307, 191 N. W. 561.

We find it impossible to avoid the conclusion reached by the trial court that defendant was not guilty of negligence, and that, as a matter of law, plaintiffs were guilty of contributory negligence.

*By the Court.*—Judgments affirmed.