Brown (Marion), Respondent, vs. Haertel and another, Appellants.

*September 14—October 11, 1932.*

For the appellants there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *R. T. Reinholdt.*

For the respondent there was a brief by *Stone & Park* of Wausau, attorneys, and *Goggins, Brazeau & Graves* of Wisconsin Rapids of counsel, and oral argument by *Theo. W. Brazeau* and *Patrick T. Stone.*

OWEN, J. On the 3d day of September, 1931, the plaintiff was driving her husband's automobile in a westerly direction on highway 52 in Marathon county, Wisconsin. While crossing county trunk highway G, a highway running north and south, her automobile collided with an automobile driven by the defendant Henry Haertel, owned by Henry Haertel Service, Inc., causing the plaintiff personal injuries, for which she seeks to recover in this action.

The jury found the plaintiff free from negligence and the defendant negligent in respect of his rate of speed and in failing to yield the right of way to the plaintiff. Judgment was rendered in favor of the plaintiff on this verdict and the defendants appeal. It is here contended that the defendant was free from negligence and that the plaintiff was guilty of contributory negligence, both as a matter of law.

In approaching county trunk highway G the plaintiff had driven for about five miles over new concrete which had recently been laid. For some time prior, highway 52 had been closed from the easterly edge of highway G east for a distance of about five miles, and the county highway commissioner had caused to be placed at each end of this construction a so-called "Road closed" sign, the sign in each instance being approximately forty by eighteen inches in size, in accordance with sec. 82.04 (6), Stats. This sign was present at each end of the construction work on the day in question. At the intersection of highway 52 with highway G the sign was placed just easterly of the easterly boundary line of highway G. There were also barriers placed partly across highway 52 at this point. These barriers, however, did not extend entirely across the newly constructed concrete. The concrete was eighteen feet in width, but the barriers did not extend across the northerly seven and one-half feet. Farmers living along the highway were permitted to drive over the concrete to reach their homes. The concrete had been poured over the entire distance of the five miles, but the work had not been accepted by the county, and work on the shoulders of the road was still in progress. The work was accepted and the signs were officially removed about September 15, 1931. Earlier in the day the plaintiff had driven from Wausau to Antigo, ignoring the "Road closed" sign at highway G, and proceeding over the newly constructed concrete. Upon her return in the afternoon she likewise drove over this

newly constructed concrete, also ignoring the "Road closed" sign.

At the northeast corner of the intersection of highway 52 and highway G there is a store building, the front of which is thirty-eight and one-tenth feet north of the center line of the concrete pavement on highway 52, and the west line of which is fifty-five and four-tenths feet east of the center line of highway G. Plaintiff testified that when she passed the store building, and at a point where she had a clear view to the north on highway G for a distance of at least 900 feet, she looked for automobiles coming from the north on highway G. She admits that she had a clear view and that there was nothing to obstruct her vision, and that, although she looked, she did not see the defendant's automobile coming from that direction. She then proceeded to cross highway G at a speed of from ten to fifteen miles an hour. When she got in the center of the traveled track of highway G she discovered the defendant's automobile coming from the north at a speed of from fifty to sixty miles an hour. When she saw the car coming it was almost upon her. She immediately applied the brakes and stopped the car at the center of the intersection of the traveled tracks. She did this because she thought that would enable the defendant Haertel to pass either in front or to the rear of her automobile. However, the oncoming automobile crashed into plaintiff's automobile causing her personal injuries.

While contention is made here that the defendant was free from negligence as a matter of law, we will dispose of this contention by simply saying that the evidence presented at least a jury question as to whether the defendant was negligent with respect to the rate of speed at which he approached this intersection and in failing to yield to the plaintiff the right of way, and the verdict cannot be disturbed in that respect.

We think it is plain, however, that the plaintiff was guilty of contributory negligence as a matter of law. When she was fifty-eight feet distant from the point of collision she could look north on highway G a distance of at least 900 feet. Concerning this there appears to be no doubt. She herself testified that she had an unobstructed view. Photographs introduced in evidence reveal no obstruction to the view and no reason is suggested why, if she had looked, she could not have seen the defendant's car approaching from the north.

It is a well settled rule of law that one circumstanced as was the plaintiff in this case will not be heard to say that she looked when, if she had looked, she could not have failed to see the approaching automobile. *Mertens v. Lake Shore Y. C. & T. Co.* 195 Wis. 646, 218 N. W. 85; *Nicholson v. Schroeder,* 202 Wis. 517, 232 N. W. 872; *Pettera v. Collins,* 203 Wis. 81, 233 N. W. 545; *Thieme v. Weyker,* 205 Wis. 578, 238 N. W. 389. These cases firmly establish the duty of an automobile driver to look for approaching automobiles before attempting to cross an intersection.

So we have a situation where it was the undoubted duty of the plaintiff to look to the north before entering this intersection. It must be conclusively held that she did not look because, if she had done so, she would have seen the defendant's approaching automobile, which must have been within her view if she had looked at any time between the time she passed the store and the time she drove in the path of the defendant's automobile. This is apparent because, according to her own testimony, she drove at the rate of from ten to fifteen miles an hour after passing the store. This point was fifty-eight feet from the point of collision. If the defendant was driving sixty miles an hour he could have been no further than six times as far, or 340 feet from the place of collision, in which event the conceded physical

situation offers no excuse for the failure of the plaintiff to discover the approach of the defendant's car if she had looked.

It is further contended that plaintiff is guilty of contributory negligence because she failed to stop before entering highway G and to yield to the defendant the right of way. This argument is predicated on secs. 85.18 (8) and 85.18 (9) of the Statutes. These sections provide, in substance, that the operator of a vehicle emerging from an alley, private driveway, or garage shall stop such vehicle immediately prior to moving onto the sidewalk or sidewalk area extending across the path of such vehicle and shall yield the right of way to all vehicles approaching on such highway. It is contended that because highway 52 was closed, it became an alley or private driveway within the meaning of these two sections. It is true that highway 52 was officially closed, but we do not think that fact converted it into an alley or private driveway. Its status was still that of a public highway, although the rights of the public thereon were severely limited by the fact that it was officially closed. *Fenske v. Kramp Constr. Co.* 207 Wis. 397, 241 N. W. 349.

While the judgment must be reversed because of the contributory negligence of the plaintiff, the question remains as to whether the mandate shall be for a dismissal of the complaint or for a new trial.

The defendants strenuously urge that the negligence of the plaintiff was as great as the negligence of the defendant, and that, if such be the case, the plaintiff may not recover under the Comparative Negligence Law, sec. 331.045. While it is entirely within the province of the court to say under the facts in this case that the plaintiff was guilty of contributory negligence as matter of law, it is quite another matter for the court to say that the negligence of the plaintiff was as great as that of the defendant. "When two per-

sons are negligent and injury to one proximately results from the combined negligence of both, it must often be a very delicate and difficult question to decide whether the negligence of one was greater than that of the other and contributed in a greater degree to produce the injury. There is no yardstick with which to measure the two acts of negligence, nor scales with which to weigh them." This is the language of Mr. Chief Justice WINSLOW expressed in a dissenting opinion in *Dohr v. Wisconsin Central R. Co.* 144 Wis. 545, 553, 554, 129 N. W. 252, in considering the power and duty of the court with reference to a very similar statute.

This is the first time that sec. 331.045 has received the consideration of this court. We shall not now say that a case cannot arise where the court can decide the respective negligence of the parties to be equal. The court so decided in *Dohr v. Wisconsin Central R. Co., supra,* and, while Chief Justice WINSLOW dissented, it is quite inferable from his discussion that he did not deny the power of the court under any circumstances to so determine. However, in this case we think that the question of whether the negligence of the plaintiff was as great as that of the defendant presents a clear jury question. The plaintiff's negligence consisted in her failure to look. The defendant's negligence, as found by the jury, consisted of an excessive rate of speed and a failure to yield the right of way. If either of the parties had exercised that degree of care which the law imposed upon them, the accident would not have happened. If the negligence of each consisted simply in a failure to look, and they both had ample opportunity to discover each other, it might be that their negligence would have to be held equal. However, there is here involved the question of who had the right of way, and that depends, in some measure, upon which entered the intersection first, and it also depends, in

some measure, upon the rate of speed of the defendant, as although under the statute he had the right of way under certain circumstances, yet that right could be forfeited by the maintenance of an excessive rate of speed. It seems to us that the question that must be determined before the plaintiff may recover, namely, whether her negligence was as great as that of the defendant, under all the circumstances of this case is clearly one for the jury. The judgment, therefore, must be reversed and the cause remanded for a new trial.

*By the Court.*—So ordered.