CRAWFORD *v.* CALUMET PAVING COMPANY.

[No. 29,053. Filed February 15, 1954.]

*Joe Stevenson* and *A. J. Stevenson,* of Danville, *Ira L. Haymaker* and *James D. Acher,* of Franklin, *Michael L. Fansler, Irving M. Fauvre, Howard S. Young, Jr., David L. Chambers, Jr.,* and *Michael D. Fansler,* all of Indianapolis, and (*Stevenson & Stevenson,* of Danville, *Haymaker & Acher,* of Franklin, and *Fansler, Fauvre, Young & Chambers,* of Indianapolis, of Counsel) for appellant.

*James V. Donadio, R. Stanley Lawton* and *John C. Siegesmund, Jr.,* all of Indianapolis and (*Ross, McCord, Ice & Miller,* of Indianapolis, and *Charles B. Staff,* of Franklin, of Counsel), for appellee.

BOBBITT, J.—Appellant brought this action to recover for personal injuries resulting from an automobile accident on Indiana State Highway No. 31 approximately five miles south of Franklin, Indiana. At the time and place of the accident such highway was under construction by appellee under a contract with the Indiana State Highway Commission.

Appellee's demurrer to the complaint was sustained. Appellant refused to plead further and judgment was thereupon rendered against appellant.

The only question here presented is the sustaining of the demurrer to appellant's complaint—assigned error No. 1.

In support of its demurrer, appellee, among other things, relies upon Acts 1937, ch. 256, §16, p. 1199, being §36-2916, Burns' 1949 Replacement, and asserts that appellant assumed the risks of travel over the section of said highway under construction because certain signs were erected of the type and in the manner provided by statute.

Section 36-2916, *supra*, provides as follows:

"Whenever the state highway commission shall have under contract for construction any section of any highway in the state highway system, and during the course of such construction any portion of such section before the completion thereof, shall be opened for public travel, the contractor having such contract shall place or cause to be placed at each end of such section so opened, signs reading in substance as follows: Road Under Construction; Travel at Your Own Risk. When any such signs are so posted, any person traveling such portion of said highway shall proceed carefully and such person so traveling such portion of said highway shall assume all of the risks of such travel, and neither said contractor nor any of his subcontractors or employees shall be liable to any person for injury to person or property, occasioned by reason of such travel on that portion of any such highway so opened and posted."

Appellant contends that this section of the statute is unconstitutional in that it violates five specific sections of the Indiana Constitution, including Art. 1, §23, which provides that privileges and immunities shall not be granted to any citizen or class which shall not,

upon the same terms, apply to all. Appellant admits that this statute, if valid, effectively bars recovery.

In *Davis Construction Co.* v. *Board, etc.* (1922), 192 Ind. 144, 132 N. E. 629, 21 A. L. R. 557, this court considered the constitutionality of a statute[1] which provided that:

> "That all boards of county commissioners which have entered into contracts for the construction of gravel, stone or other highways under and pursuant to the provisions of sections sixty-two (62) to ninety (90) inclusive, of the act of the General Assembly entitled 'An act concerning highways,' approved March 8, 1905, and of acts amendatory thereof or supplemental thereto, or of bridges, and which contracts were entered into prior to June 1, 1917, and have been performed in part upon the application of the contractor or his heirs, personal representatives or assigns, to be made as hereinafter provided, shall inquire into the nature, character and extent of the work required to be performed under such contract, together with the result to such county or contractor from the performance of such contract in part by reason of conditions growing out of the prosecution of the war between the United States and Germany, and arising under orders issued by the United States and its duly accredited agencies in connection therewith."

This act did not apply to contracts for the construction of township or county highways under other statutes, nor to contracts for the construction, resurfacing or repair of state highways. At page 149, of 192 Ind., *supra,* we said:

> ". . . the question remains whether or not it [the legislature] has power to enact a statute for the relief only of those contractors who entered into contracts with boards of commissioners for the construction of highway improvements and bridges, 'under and pursuant to' certain specified sections, twenty-nine in number, of one designated

1. Acts 1919, ch. 93, p. 475.

statute, out of many acts which provide for building improved highways, and out of a far greater number of acts which provide for letting public construction work by contract.

"We think that this question must be answered in the negative."

The statute here under consideration (§36-2916, *supra*) does not apply to contractors who are repairing or resurfacing a state highway under a contract with the state highway commission, even if such highway is open to the public while such repair or resurfacing is in progress, nor does it apply to contractors who are building or repairing a bridge or bridges under contract with the state highway commission. It likewise has no application to a contractor who is constructing a county highway under contract with the Board of County Commissioners, nor to a contractor who is constructing a township highway under a contract with the township trustee, nor to a contractor who is constructing a city street under contract with the proper city officials, although any or all of such county or township highways or city streets may, and many are, the same type of construction as are the state highways which are built by contractors coming within the terms of said statute.

Appellee asserts that there is a valid reason for distinguishing between local and state highways because state highways are the principal traffic arteries of the state, and for this reason it is more important to keep them open for the period of construction, than it is to keep open a county highway. This may be true, but the classification attempted by the legislature in the statute here before us is of *contractors* and not of *highways*.

The statute here in question applies only to a small number of contractors who have a contract with the

state highway commission for the construction of a section of a state highway which, during the course of construction, is kept open for public travel, and extends to them, to the exclusion of all other contractors engaged in similar work, an immunity from liability to any person or property occasioned by travel over the highway while under construction.

We fail to see any distinction between a classification composed of contractors who are extended the privilege of rescinding their contract, entered into under the provisions of a specific statute and prior to a certain date, for the construction of county highways, when other contractors having a contract for the construction of similar highways, but under different statutes, are excluded; and the classification attempted under said §36-2916, *supra,* where a small group of contractors who are constructing a section of state highway under a specific factual situation, are granted immunity from liability which is not extended to other contractors doing similar work on other state, county, or township highways or city streets.

A classification for legislative purposes must embrace all within the class to which it is naturally related. *Fairchild* v. *Schanke* (1953), 232 Ind. 480, 113 N. E. 2d 159, 163; *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 674, 80 N. E. 529, 14 L. R. A. (N.S.) 418.

The situation of a contractor who is repairing or resurfacing a section of a state highway, or who is constructing a county or township highway or city street, which is kept open to public travel during the course of construction is certainly no different, in relation to persons using the highway, from one who is constructing a section of a state highway that is open to public travel during the construction period. It

seems to us that no more natural relation could be found than that existing between such contractors. No contractor repairing or resurfacing a section of a state highway, under a contract with the state highway commission, nor one building an identical type highway for a county or township or building a city street could possibly bring himself within the provision of this statute or avail himself of the privileges granted under its terms.

If the Contractors Relief Act of 1919 was unconstitutional as being in violation of Art. 1 of §23 of the Constitution of Indiana, it seems to us that it must logically follow that §16, of ch. 256 of the Acts of 1937, being §36-2916, *supra*, is unconstitutional for the same reasons.

Appellee urges certain cases decided by the Supreme Courts of Connecticut, Massachusetts and Wisconsin as authority to sustain the validity of the statute here in question. We have examined these decision[2] and find that the question of special privilege or immunity was not raised ·in any of these cases, hence they are not authority on the question on which the case at bar has been decided.

Appellee further asserts in support of its demurrer the presence of an intervening cause, thus raising the question of proximate cause.

The facts stated in appellant's complaint are such that reasonable men might draw different conclusions

2. *Belhumuer* v. *City of Bristol* (1936), 121 Conn. 475, 185 Atl. 421; *McManus* v. *Jarvis* (1939), 128 Conn. 707, 22 A. 2d 857; *State* v. *Bloomfield Construction Co.* (1940), 126 Conn. 349, 11 A. 2d 382; *Fenske* v. *Kramp Const. Co.* (1932), 207 Wis. 397, 241 N. W. 349; *Chapman* v. *City of Boston* (1925), 252 Mass. 404, 147 N. E. 840; *Cody* v. *City of Boston* (1927), 258 Mass. 267, 154 N. E. 753; *McCarthy* v. *City of Boston* (1929), 266 Mass. 262, 165 N. E. 123.

therefrom, and are not such as lead to but one conclusion. Hence, the question of the proximate cause of the alleged injury herein is one which should be submitted to the jury and is not a question of law to be decided on demurrer. *City of Indianapolis* v. *Willis, Administrator* (1935), 208 Ind. 607, 194 N. E. 343.

Having decided that the statute (Section 36-2916, *supra*) is unconstitutional for the reason stated, it is not necessary to decide whether it conflicts with other provisions of the Indiana Constitution.

For the reasons above stated the trial court erred in sustaining appellee's demurrer and the judgment is, therefore, reversed with instructions to overrule defendant's (appellee's) demurrer.

Judgment reversed with instructions.

Draper, C. J., Emmert, Flanagan, and Gilkison, J.J., concur.

NOTE.—Reported in 117 N. E. 2d 368.