No 11922

IN THE SUPREME COURT OF THE STATE OF MONTANA

WILLIAM T GILLEARD,

Plaintiff and Appellant,

-vs-

M K DRAINE,

Defendant and Respondent.

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L Green, Judge presiding.

Counsel of Record:

For Appellants:

Harold L Garnaas, argued, Missoula, Montana.

For Respondent:

Larry E Riley, argued, Missoula, Montana.

Submitted: March 15, 1972

Decided: APR 2 1 1972

Filed: APR 2 1 1972

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

In a personal injury action involving a collision between plaintiff's pickup and defendant's parked truck on an unopened section of Interstate highway, the district court of Missoula County, the Hon. Jack L. Green, district judge, granted summary judgment to defendant. Plaintiff now appeals from this summary judgment entered against him.

The material facts in this case are undisputed. The accident occurred about 4:45 p.m. on November 18, 1966, on an unopened section of Interstate Highway 90 about eight miles west of Missoula, Montana. Plaintiff was driving his pickup, with its headlights on in a dense fog, in an easterly direction in what would become the eastbound area of the roadway at a speed of 10-15 miles an hour. Defendant's truck, which was towing a house behind it, was parked facing west in the same future eastbound area of the roadway; it was standing there unoccupied and unattended, without flares or warning devices. Plaintiff's pickup struck defendant's truck headon, resulting in extensive disabling injuries to plaintiff.

Plaintiff is William T. Gilleard, an ironworker employed in construction at the Waldorf-Hoerner plant west of Missoula. On the day of the accident he had left the Waldorf-Hoerner plant after completing his day's work and was returning to his home in Clinton, several miles east of Missoula. He entered the unopened section of Interstate 90 by driving past three signs marked "Construction Ahead", spaced at 500 foot intervals commencing at a point 1500 feet before reaching the detour off the Interstate

highway; and then by driving through or around 5 or 7 ten-foot wide black and white "zebra board" barricades spaced diagonally across the width of the Interstate highway to route traffic off the unopened section of the Interstate and onto the detour.

Plaintiff knew that that section of the Interstate where the accident occurred, was under construction and that it had not been opened to public travel. However, he had used the unopened section some 30 or 40 times in the three month period preceding the accident. On some of these occasions he had observed state highway patrol cars, city police cars and sheriff's department cars traveling on the unopened section; he had also seen construction crews working there. Plaintiff had never been stopped or told by anyone to stay off the unopened section, so he "figured it was all right as long as you drove in a careful and prudent manner on it" and "figured it was legal". Plaintiff in his deposition indicated that he had driven enough "on construction roads where you don't fly down them, you drive easy, because you never know what you are going to find."

At the time of the accident the unopened section of the roadway had been surfaced and sealed but it had not been striped. Guardrails were still being installed. The record does not disclose whether the unopened section was signed or not, nor does it disclose what other construction work, if any, remained uncompleted. About a month after the accident, the new highway was opened to public travel.

Defendant is M. K. Draine who had purchased a house from the state of Montana at public auction; the state had previously

acquired this house by condemnation or purchase in connection with construction of the Interstate highway. Defendant, with the permission and consent of both the state and the construction contractor, was using the unopened section of Intersection 90 to haul the house away. He had driven his truck, with the house attached behind, west along the unopened section of the roadway and had apparently left it parked for the night on the future eastbound area of the roadway facing west.

The instant personal injury action was filed on November 14, 1969. Plaintiff seeks recovery of $233,500 damages allegedly resulting from defendant's negligence in leaving his vehicle on the highway "without putting out any flares, flags, or other warning devices whatsoever". Defendant's answer contains five defenses: (1) failure to state a claim, (2) a general denial, (3) contributory negligence, (4) assumption of risk, and (5) trespass by plaintiff.

Three depositions were taken and filed in the action: the first from plaintiff; the second from Robert L. Harper, construction superintendent for Peter Kiewit Sons' Company, the construction contractor on the section of the Interstate highway in question; and the third from Martin J. Briggeman, property manager for the Montana Highway Department.

On this state of the record, defendant moved for summary judgment. After hearing thereon, Judge Green granted defendant's motion and entered summary judgment in favor of defendant, dismissing plaintiff's claim with prejudice. Plaintiff appeals from this summary judgment.

There is but a single controlling issue upon appeal: Was plaintiff contributorily negligent as a matter of law precluding recovery on his claim?

Rule 56(c), M.R.Civ.P., provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden of proof is on the party seeking summary judgment to show the absence of any genuine issue of material fact and that he is entitled to judgment as a matter of law. Roope v. The Anaconda Company, ____Mont.____, ____P.2d____, 29 St. Rep. 170; Byrne v. Plante, 154 Mont. 6, 459 P.2d 266 and cases cited therein.

In this case the negligence of defendant is conceded insofar as summary judgment is concerned. This entire controversy concerns whether plaintiff, under the undisputed facts here, was contributorily negligent as a matter of law. Contributory negligence, by definition, involves the dual elements of (1) plaintiff's negligence and (2) proximate cause. MJIG #11.00; DeVerniero v. Eby, ____Mont.____, ____P.2d____, 29 St.Rep. 273 .

Plaintiff contends that he was not contributorily negligent as a matter of law because he was not a trespasser on the unopened highway against defendant; that his use of the unopened highway in itself does not constitute negligence as a matter of law; that he was not negligent in the operation of his pickup as a matter of law; and that, in any event, any acts or omissions on his part

were not, as a matter of law, a proximate cause of the accident. Upon oral argument plaintiff indicated that, in his view, the following material facts were in controversy precluding summary judgment for defendant: (1) Was the roadway where the accident occurred an uncompleted road? (2) Must a vehicle travel on the shoulder of the highway to get around the "zebra board" barricades and onto the unopened section of the roadway where the accident occurred? (3) What was the status of plaintiff on the unopened highway where the accident occurred? (4) Was plaintiff using the unopened highway with implied consent? (5) was plaintiff's negligence, if any, a proximate cause of the accident?

Directing our attention initially to plaintiff's claim that there are genuine issues of material fact precluding summary judgment. We find none. Whether the roadway where the accident occurred was in fact uncompleted is irrelevant. The undisputed facts show that it was signed with three detour signs, barricaded with 5 or 7 "zebra boards", and that it was not open to travel by the public. Plaintiff admitted in his deposition that he knew that the roadway was under construction and that he drove through or around the "zebra board" barricades to get onto the roadway. The deposition of the construction superintendent indicates that the roadway was unstriped, and that the installation of guardrails was in progress and uncompleted on the day of the accident. Under such circumstances whether the roadway was completed or not is an immaterial fact unnecessary to the resolution of any issue in this case.

Nor is the question of whether a vehicle must travel on the shoulder of the highway to get around the "zebra board" barricades and onto the unopened section of the roadway a material fact in issue here. Plaintiff admits that he knew the roadway was under construction, that he drove through or around the "zebra board" barricades, and that in driving on the unopened roadway he was driving in a construction zone. The deposition of Harper, the construction superintendent, shows that the "zebra boards" were located at the entrance to the detour and "set at a diagonal angle across the interstate or the portion of road that's closed to traffic" and were inspected and in place only a few minutes prior to the accident, all of which is unrefuted. Whether plaintiff had to travel on the shoulder of the highway to get around the "zebra board" barricades has no materiality or relevance to any issue in this case.

The status of plaintiff on the unopened section of the highway is not a question of fact but a question of law under the circumstances of this case. Here the material facts concerning plaintiff's entry upon and use of the unopened roadway are undisputed. Under such conditions, plaintiff's status thereon is purely a question of law.

Nor is the use of the roadway by plaintiff with "implied consent", as he contends, a material issue of fact here. Section 32-2136(a), R.C.M. 1947, requires the driver of a motor vehicle to obey the instructions of any official traffic control device. Section 32-2119, R.C.M. 1947, defines official traffic control devices as "All signs, signals, markings, and devices * * * placed or erected by authority of a public body or official * * *

for the purpose of regulating, warning, or guiding traffic." The deposition of the construction superintendent indicates that the construction project was signed according to specifications of the Montana Highway Department. Thus the detour signs and "zebra board" barricades were official traffic control devices erected by public authority in conformity with the foregoing provisions of the highway code. Disobedience to any of the provisions of the highway code is punishable as a misdemeanor under the provisions of section 32-21-157, R.C.M. 1947. "Implied consent" is not an issue in this case as our decision is not grounded on plaintiff's status on the highway. Accordingly, no issue of material fact is presented.

Finally, plaintiff argues that a material issue of fact exists concerning proximate cause. We disagree. Plaintiff in a dense fog maneuvered around or through the "zebra board" barricades to enter a highway unopened for public travel, committing a misdemeanor in the process. He knew he was in a construction zone and that "you never know what you are going to find" there. Although his headlights were on and he was only driving 10-15 miles an hour, he was driving beyond the range of his headlights and vision. His deposition indicates that he never saw defendant's parked truck with the house attached behind and consequently hit it headon without ever applying his brakes:

> "Q. Did you have any opportunity to see this truck and house before you actually hit it; an opportunity to brake your car, or did you hit it without braking? Or do you recall?
>
> "A. I never seen it. I didn't even know what I hit, until I woke up. I seen I was pinned. The brake pedal had my foot pinned down.

"Q. Your foot was under the brake pedal?

"A. Was under the brake pedal. So---

"Q. To the best of your recollection-----

"A. So I never touched the brakes. In fact I didn't even know what I hit until a car came along."

Under these circumstances, plaintiff's own negligence contributed as a proximate cause to the collision and his resulting injuries as a matter of law. This is the only conclusion possible under the undisputed facts. Under such circumstances the issue of contributory negligence becomes a matter of law to be determined by the court. O'Brien v. Great Northern Ry. Co., 148 Mont. 429, 421 P.2d 710.

Although no cases involving actions for damages by one motorist against another for obstructing an unopened highway have been brought to our attention by counsel and we have discovered none, several cases involving actions by motorists against construction contractors arising from obstructions created or maintained on unopened highways have been cited which involve the same principle as the instant case with like results. See Fenske v. Kramp Const. Co., 207 Wis. 397, 241 N.W. 349; Hanson v. Bailey, 249 Minn. 495, 83 N.W.2d 252; Trantham v. Gillioz, (Mo.1961), 348 S.W.2d 737. Cases relied on by plaintiff that reached a contrary result are distinguishable on the following grounds: Pittman v. Sather, 68 Idaho 29, 188 P.2d 600 (no barricades or warnings at motorist's point of entry); Gaither v. Richardson Co., 152 Mont. 504, 452 P.2d 428 (absence of barricades); Ulmen v. Schwieger, 92 Mont. 331, 12 P.2d 856 (no barricades).

We find it unnecessary to consider or decide whether plaintiff was a trespasser or not, as plaintiff cannot prevail whatever his status may have been.

For the foregoing reasons, we hold that plaintiff was contributorily negligent as a matter of law precluding recovery by him on his claim. The summary judgment of the district court is affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.