649 P.2d 482

**Anneliese MARCUS, As Personal Representative of the Estate of Robert L. Marcus, Plaintiffs-Appellees,**

v.

**Mike CORTESE and Navajo Freight Lines Incorporated, A Foreign Corporation, Defendants-Appellants.**

**No. 5368.**

Court of Appeals of New Mexico.

May 13, 1982.

John Duhigg, Duhigg & Cronin, Albuquerque, for plaintiffs-appellees.

Henry G. Coors, IV, Harold D. Stratton, Jr., Albuquerque, for defendants-appellants.

## OPINION

NEAL, Judge.

In this negligence case the trial judge found the plaintiff 85% negligent and the defendant 15% negligent. Defendant appeals claiming that the finding that he was 15% negligent is not supported by substantial evidence. We affirm.

Several issues are raised by this appeal. First, whether the trial court's findings of fact were adequate when all they said was that (1) there was an accident in which defendant's truck ran into plaintiff's decedent; (2) as a result of which plaintiff suffered $230,000 in damages; (3) plaintiff's decedent was negligent and his negligence proximately caused 85% of the damages; and (4) defendant was negligent and his negligence caused 15% of the damages.

The second issue is whether the defendant can rely on and challenge the trial court's oral comments made after the trial in which the court specified the reasons he found defendant 15% negligent.

The third issue is the scope of appellate review of apportionment of negligence.

The fourth issue is whether there was substantial evidence that defendant was 15% negligent.

1. *The findings of fact were adequate.*

It is defendant's contention that the trial court should have been more explicit in its findings. Defendant contends that the trial court should have specified the reasons for finding defendant negligent, and should have assigned a percentage to each negligent act of defendant.

In New Mexico all the trial court is required to do is find the ultimate facts. *Galvan v. Miller,* 79 N.M. 540, 445 P.2d 961 (1968). An example of an ultimate fact is that plaintiff was injured as a result of a collision, or another is that when aggravation of a preexisting injury is at issue, the extent of the aggravation is the ultimate fact to be determined. *Alvillar v. Hatfield,* 82 N.M. 565, 484 P.2d 1275 (Ct.App.1971). In a workman's compensation case, a finding that the workman, to a stated percentage, is partially and permanently disabled, is all that is required. *McCleskey v. N.C. Ribble Company,* 80 N.M. 345, 455 P.2d 849 (Ct.App.1969).

The whole process of assigning a percentage to each alleged act of negligence is very discretionary and very difficult to rationalize. We hold that ultimate facts in a comparative negligence case embrace only negligence, causation, and the percentage of negligence.

2. *Oral comments cannot be challenged.*

Oral remarks by the trial judge at the conclusion of the trial should not be

considered as a decision. Such remarks are not a decision and may not be challenged on appeal. *Getz v. Equitable Life Assur. Soc. of U.S.*, 90 N.M. 195, 561 P.2d 468 (1977); *Fox v. Doak*, 78 N.M. 743, 438 P.2d 153 (1968); *Pack v. Read*, 77 N.M. 76, 419 P.2d 453 (1966). In accordance with *Getz, Fox,* and *Pack*, we hold that the trial court's oral remarks cannot be challenged on appeal.

3. *Appellate review of the fact finder's division of fault is very limited.*

How will an appellate court review division of fault in the wake of *Scott v. Rizzo*, 96 N.M. 682, 634 P.2d 1234 (1981)? The commentators seem to agree that an appellate court's review is exceedingly narrow. V. Schwartz, Comparative Negligence, § 18.1, (1974) states:

"Courts are usually circumspect about altering [such] determinations."

H. Woods, Comparative Fault, § 21.2, (1978), states that the courts have generally adopted a policy of extremely limited review.

An early Wisconsin case expressed the rationale behind this policy of narrow review when it stated in *Brown v. Haertel*, 210 Wis. 345, 244 N.W. 630 (1932), quoting *Dohr v. Wisconsin Cent. Ry. Co.*, 144 Wis. 545, 553, 129 N.W. 252 (1911):

When two persons are negligent and injury to one proximately results from the combined negligence of both, it must often be a very delicate and difficult question to decide whether the negligence of one was greater than that of the other, and contributed in a greater degree to produce the injury. There is no yardstick with which to measure the two acts of negligence, nor scales with which to weigh them.

Although Wisconsin is a modified comparative negligence state, we believe the rationale behind this policy of narrow review is appropriate in New Mexico, even though we are a true comparative negligence state. *Scott v. Rizzo, supra.* Our state has a host of cases which state that where reasonable minds can differ a finding of negligence or no negligence is for the

trier of fact. *New Mexico State Highway Dept. v. Van Dyke*, 90 N.M. 357, 563 P.2d 1150 (1977); *Montoya v. Williamson*, 79 N.M. 566, 446 P.2d 214 (1968); *Lujan v. Reed*, 78 N.M. 556, 434 P.2d 378 (1967).

We hold that appellate review of apportionment of negligence will be extremely narrow for the reasons expressed in *Brown, supra.* Appellate review is limited to determining if there was some negligence on the part of the appellant, and if the trial court's division of total negligence was within reasonable bounds. The appellate court will not second guess the fact finder on his apportionment if it is supported by substantial evidence. For the leading case in New Mexico on the substantial evidence test and all of its sub-tests, see *Tapia v. Panhandle Steel Erectors Company*, 78 N.M. 86, 428 P.2d 625 (1967).

4. *Substantial evidence supports a finding that defendant was 15% negligent.*

Consistent with the policy of narrow review set forth above, we must examine the record to see if there is evidence to support the challenged finding. While reasonable minds may differ, there was substantial evidence that defendant was 15% negligent. The defendant, a truck driver, was driving his rig in the eastbound lane of I–40. He reached an area called Nine-Mile Hill, west of Albuquerque, at approximately 10:20 at night. He was traveling with his lights on dim, as he usually does on this highway, when he saw the plaintiff standing in his lane, the right hand lane, approximately four feet from the center line. He put on his brakes and tried to swerve to the right to avoid the plaintiff. Testimony indicated that plaintiff, extremely intoxicated, ran in the path of the swerving truck. Plaintiff was hit by the right headlight of the truck, thrown approximately seventy-five feet, and died as a result of his injuries.

Testimony as to the speed defendant was driving differs. Defendant testified that he was driving 50–55 miles per hour. He stated he was not going anywhere near 70 miles per hour, but there was evidence his speed was exceeding the speed limit. Section 66–

7–301 C, N.M.S.A. 1978 provides that speed shall be controlled to avoid colliding with people on the highway. The evidence was undisputed that defendant could not stop at the speed at which he was driving to avoid colliding with someone he saw at the outer range of his dim lights. The fact that defendant was exceeding the speed limit does not mandate or preclude a finding of negligence, *Langenegger v. McNally*, 50 N.M. 96, 171 P.2d 316 (1946), however evidence that defendant was speeding supports the challenged finding.

Defendant testified that he swerved to the right to give plaintiff more room, because he did not know what might be in the left lane, and that it would take too much time to find out if he could safely swerve to the left. Defendant testified that nothing was wrong with his brakes and that braking difficulties, if any, did not cause him to swerve to the right.

There was evidence that defendant's brakes were defective. Photographs showed that only the right tires laid down skid marks; this was evidence that the brakes were out of adjustment and not working evenly. As to the question of the braking power of the truck, and as to the brakes and the swerving to the right, we might not find negligence, but again this is not the question. The question is whether there is evidence upon which a reasonable fact finder could have found negligence. It is curious that the steering to the right did not occur until the right brakes gripped tighter than the left and started laying down skid marks. Based upon this evidence the fact finder could have found that going to the right was made because the brakes made the choice easier. All of the questions pertaining to the defendant's braking were factual questions. *See Roybal v. Lewis*, 79 N.M. 227, 441 P.2d 756 (1968). The trial court's findings were supported by substantial evidence.

The trial court's apportionment of negligence will not be disturbed on appeal. We affirm.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.