No. 85-232

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

MEL PALIN d/b/a PALIN RANCH,
Enterprises,

        Plaintiff and Appellant,

    -vs-

GERBERT LOGGING, INC.,
a Montana corporation,

        Defendant and Respondent.

_____

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Small, Hatch, Doubek & Pyfer; John C. Doubek, Helena,
Montana

    For Respondent:

        T. K. Botsford, Missoula, Montana

_____

Submitted on Briefs: Oct. 25, 1985

Decided: March 20, 1986

Filed: MAR 20 1986

_Ethel M. Harrison_
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Mel Palin appeals from an order of the Fourth Judicial District Court, Missoula County, granting partial summary judgment in favor of Gebert Logging, Incorporated. We affirm.

On January 11, 1984, Mel Palin, d/b/a Palin Ranch Enterprises entered into a written agreement with Gebert Logging for the sale and removal of timber from certain lands located in Granite County. The agreement provided among other things that Gebert would fell, load and remove logs to the Champion International Corporation plant at Bonner Montana; and that Gebert would repair all fences, gates and cattle guards and blade all roads to a smooth surface after the logging operations were completed. Pursuant to the contract Gebert paid to Palin $20,000, of which $10,000 was a prepayment by Gebert for stumpage and the remaining $10,000 was to be held as a bond by Palin until the expiration of the agreement.

Pursuant to the agreement, Gebert went upon the described lands, felled trees, and removed and delivered the logs to Champion's plant at Bonner. After the first $10,000 worth of logs had been delivered to Champion, Palin was paid by Champion for his seller's share of the proceeds of the logs.

When the agreement expired, Gebert demanded the $10,000 bond be returned to it. Palin refused, claiming that the land had been damaged, gates and roads also damaged and that Gebert had failed properly to perform the contract. Gebert commenced suit to recover its bond from Palin, and through

discovery learned that Palin was not in fact the owner of the land described in the written contract, but that rather Palin's wife was the record owner of the land.

Palin contended by affidavit after suit commenced that since 1972 he had managed the real property of the Palin family which included the real property under the timber sales agreement, and that he entered into the timber sales agreement as agent for his wife with her approval and knowledge. Palin's wife filed an affidavit to the effect that she was aware of and had approved the timber sales agreement and that Palin had full authority and approval to act as her agent in contracting for the sale of the timber located on the real property which she owned.

The answers to interrogatories filed by Palin indicated that he neither owned the timber nor the real property covered by the contract nor had any written authority to execute the contract for the owner, his wife.

The District Court granted partial summary judgment in favor of Gebert for the sum of $10,000 and accrued interest and dismissed Palin's counterclaim against Gebert for the damages to the lands that Palin had claimed. The District Court further found that Palin's actions in the premises constituted a breach of his duty of good faith and fair dealing. The partial summary judgment reserved for further hearing the determination of the amount of exemplary damages to be awarded. The partial summary judgment was certified by the District Court for purposes of appeal under Rule 54(b), M.R.Civ.P.

The issue before this Court is whether the grant of partial summary judgment in this case was proper.

Summary judgment is proper if under the record before the district court there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Cereck v. Albertsons, Inc. (1981), 195 Mont. 409, 637 P.2d 509; Gilleard v. Draine (1972), 159 Mont. 167, 496 P.2d 83; Roope v. Anaconda Co. (1972), 159 Mont. 28, 494 P.2d 922.

A summary judgment is proper when the party opposing the motion fails either to raise or to demonstrate the existence of the genuine issue of material fact, or to demonstrate that the legal issue should not be determined in favor of the movant. State ex rel. Burlington Northern v. District Court (1972), 159 Mont. 295, 300, 496 P.2d 1152, 1155.

The District Court determined that the contract between the plaintiff and the defendant was covered under the Uniform Commercial Code in § 30-2-107(2), MCA, and that it was for a sale of goods for a price of more than $500 which requires the contract to be in writing. Section 30-2-201(1), MCA. Palin did not have written authority to execute the written contract as the agent of his wife and he therefore acted without authority. Section 28-10-203, MCA; Schlenz v. John Deere Co. (U.S.D.C. Mont. 1981), 511 F.Supp. 224. The wife, Hilldegarde Palin, could not ratify the acts of her husband retroactively in this case without the consent of Gebert. Section 28-10-213, MCA.

The District Court further determined that prior to Gebert's motion for summary judgment, Palin had held himself out to Gebert and to the District Court as the owner of the timber and the land as a seller to Gebert, and not as an agent acting for an undisclosed principal without written authority.

In Larry C. Iverson, Inc. v. Bouma (1981), 195 Mont. 351, 375, 639 P.2d 47, 60, we approved a holding from another jurisdiction that a contract entered into without the power to contract cannot be ratified or enforced, and that incapacity to contract cannot be removed by estoppel. In this case Palin had no written authority, as required by law, to enter into the timber sales agreement. The subsequent attempts at ratification by his wife give no life to his actions. The District Court acted properly therefore in entering judgment against Palin for the sum of $10,000, the amount of bond which he held, plus accrued interest thereon, and was further correct in dismissing Palin's cross claim for damages to the realty, since he was not the owner thereof.

Palin contends that when the contract is partly performed by the parties sought to be charged, the statute of frauds in the Uniform Commercial Code, § 30-2-201, MCA, has no application under Northwest Potatoes Sales, Inc. v. Beck (Mont. 1984), 678 P.2d 1138, 41 St.Rep. 362; and that where both parties have performed and one party had significantly altered his position to his detriment, it is unconscionable to invalidate the contract by relying upon the statute of frauds, citing Bolz v. Myers (Mont. 1982), 651 P.2d 606, 39 St.Rep. 1747.

Palin contends that the statute of frauds under the UCC does not require that both parties sign the contract but that only the "party against whom enforcement is sought" must sign the agreement which in this case would be the respondent Gebert.

Gebert responds that the cited cases are not applicable here because it was Gebert that altered its position based on Palin holding himself out as owner of the lands; that Gebert

was at all times capable of performing the contract and did perform it; and that it was Palin who lacked the authority and capability to sign the contract. We agree with Gebert and determine that neither Northwest Potato Sales, supra, nor Bolz v. Myers, supra, have any application to this case.

The affirmative defense of estoppel cannot be raised by Palin for the first time on appeal. Montana Seeds, Inc. v. Holliday (1978), 178 Mont. 119, 582 P.2d 1223.

Under the facts of this case, the contract was unenforceable because it was not signed by the owner of the lands, nor by a party having authority in writing to contract for the owners; and Palin, because he is not the owner of the lands, has no claim for damages, if any, that Gebert may have caused the lands. Thus there is no genuine issue of material facts in this case and the District Court properly entered summary judgment.

John C. Sheehy
_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices