9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas W. BOLANDER; Michael J. Eubank; d/b/a the Bankland
Group, Plaintiffs-Appellants,
v.
FIRST BOULDER VALLEY BANK, a Montana Banking Corporation,
Defendant-Appellee.
 No. 92-35348.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1993.
Decided Nov. 5, 1993.
 
 Before: WRIGHT, GOODWIN and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas Bolander and Michael Eubank, doing business as The Bankland Group ("Bankland"), appeal from the entry of summary judgment against them and from the denial of their Rule 59(e) motion to reconsider. We hold that Boulder Valley was entitled to judgment as a matter of law. We affirm.
 
 I. MOTION TO RECONSIDER
 
 3
 Bankland's notice of appeal indicates that this appeal is from the denial of its notice to reconsider. Fed.R.App.P. 3(c). We review for abuse of discretion. Northern Alaska Environmental Center v. Lujan, 961 F.2d 886, 889 (9th Cir.1992). The district judge ruled that he had already decided the issue raised by the motion when granting summary judgment. A Rule 59(e) motion is not the proper vehicle for rehashing arguments which the court has previously considered and rejected. In re Oil Spill by "Amoco Cadiz", 794 F.Supp. 261 (N.D.Ill.1992), aff'd, No. 92-3282, 1993 WL 360955 (7th Cir. Sept. 14, 1993). The judge did not abuse his discretion by denying the motion.
 
 II. SUMMARY JUDGMENT
 
 4
 Although not specified in the notice of appeal, we shall consider the underlying summary judgment. Mehan v. County of Los Angeles, 856 F.2d 102, 105 (9th Cir.1988). We may infer from appellant's briefs a clear intent to appeal the summary judgment, and Boulder Valley's briefs indicate that it was not surprised by this. Id. We review de novo grants of summary judgment. Lockary v. Kayfetz, 917 F.2d 1150 (9th Cir.1990). The judge assumed all disputed facts in Bankland's favor. Bankland argues that the judge misapplied the law of agency and contract.
 
 1. Agency
 
 5
 Bankland could not, as an agent, sue to enforce a contract between Rickey and Boulder Valley based solely on its interest in remuneration from the contract. Restatement (Second) of Agency § 372(2) (1979); cf. Palin v. Gebert Logging, 716 P.2d 200 (Mont.1986) (timber agent did not have standing to enforce timber-sale contract on principal's behalf).
 
 2. Intended Beneficiary
 
 6
 Bankland could sue if it was an intended beneficiary of the Ricky/Boulder Valley contract. Harmon v. MIA Services Contract, No. 92-270, 1993 WL 316241, at ** 3-4 (Mont. Aug. 19, 1993); Restatement (Second) of Contracts §§ 302(1), 309 (1979). But we decline to review Bankland's claim that it was, because it never argued this theory before appeal.[1] United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). The record contains no proof of Rickey's or Boulder Valley's intent, Montana law has not changed during this appeal, and review is unnecessary to prevent an injustice because Bankland had ample time to consider, choose and develop its theories. Id.
 
 3. Independent Contract
 
 7
 Bankland's argument, that it had a direct and independent contract with Boulder Valley, fails as a matter of law for want of consideration. Its promise was illusory owing to a preexisting duty. Cf. Keil v. Glacier Park, Inc., 614 P.2d 502, 506 (Mont.1980) (no preexisting duty where court found prior oral contract nonexistent). Bankland argues that it promised Boulder Valley that it would analyze Rickey's business, in exchange for Boulder Valley promising that it would refinance or restructure Rickey (if feasible) so that Bankland could be paid. But Bankland was already legally obligated to Rickey to perform the analysis. Id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Analogous was Bankland's tort theory that it was injured when Boulder Valley breached the implied covenant of good faith and fair dealing in its contract with Rickey. But Bankland has not appealed the summary judgment on tort theories