■ MORGAN SERVICES, INC., Respondent-Appellant, v LAVAN CORPORATION, % HOTEL LAFAYETTE, Appellant-Respondent. — Judgment unanimously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: This breach of contract action is based essentially on two contracts dated January 31, 1979: (1) a rental contract which required plaintiff laundry to furnish and supply defendant hotel with laundered towel rolls, rugs and uniforms, and (2) a laundry contract which required plaintiff to launder the defendant's sheets, hand towels, bed spreads and other specified items. The contracts provided that plaintiff was to be the defendant's exclusive linen supplier launderer for a two-year period and

contained liquidated damage clauses. The complaint alleges four causes of action: (1) breach of the rental contract; (2) breach of the laundry contract; (3) failure to return loaned "linens"; and (4) failure to pay the balance due on the laundry contract. Defendant appeals from the judgment rendered after a nonjury trial which awarded plaintiff $20,120.87 liquidated damages on the second cause of action, and plaintiff appeals from the judgment which dismissed the first and third causes of action for failure to establish damages. The fourth cause of action and a counterclaim were also dismissed for lack of merit. It is obvious from a reading of the record, measured against the findings, that the trial court confused the contractual bases for plaintiff's causes of action and failed to make findings of fact on the issue of plaintiff's performance of both contracts. Nonetheless, it is our duty, if at all possible, to harmonize the findings and arrive at the real intention of the court which made them (10 Carmody-Wait 2d, NY Prac, § 70:356). Where the trial court failed to make findings on crucial and ultimate issues, we have the power to supply the necessary findings if the record is complete (see *Marine Midland Trust Co. of Cent. N. Y. v Bloom,* 40 AD2d 580; *Conklin v State of New York,* 22 AD2d 481). The record before us is complete and it is clear that the substantial issues of fact at the trial were resolved in the plaintiff's favor. Accordingly, from our examination of the record we find that plaintiff fully performed its obligations under both contracts. Linen laundered under the laundry contract was occasionally returned to defendant in a holey and stained condition; however, this was due to the quality of the linen fabric and not the quality of the service performed by plaintiff. A special treatment which the laundry contract did not obligate plaintiff to perform was needed to remove the stains, but defendant refused to incur the added expense. Defendant was contractually bound to another laundry service when it entered into its "exclusive" contracts with plaintiff and unjustifiably breached its contracts with plaintiff in order to rectify this duplication. Each contract contained an identical liquidated damage clause which the trial court used to compute damages on the second cause of action. We agree that this clause is legal and proper (see *Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420). The trial court, however, erred when it refused to award liquidated damages on the first cause of action. The rental contract involved property owned by plaintiff and the same considerations which made the liquidated damage clause legal and proper in the laundry contract apply to the clause in the rental contract. We compute these liquidated damages to total the sum of $3,311.25 and modify the judgment accordingly. The third cause of action was properly dismissed. The proof offered to support this cause of action was vague and there was no proof of damages. (Appeals from judgment of Supreme Court, Erie County, Ricotta, J. — breach of contract.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.