752 P.2d 791

**James C. SHERADEN,
Plaintiff–Appellee,**

v.

**William E. BLACK,
Defendant–Appellant.**

**No. 9715.**

Court of Appeals of New Mexico.

Feb. 25, 1988.

Brian M. Flannery, Albuquerque, for plaintiff-appellee.

David W. Frizzell, Carian & Frizzell, P.A., Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

This is an appeal in a comparative negligence action. Defendant seeks review of a judgment of the district court entered after a bench trial, wherein plaintiff was awarded damages after he was injured by defendant's automobile. Three issues are presented on appeal: (1) whether the trial court's findings that defendant was negligent are supported by substantial evidence; (2) whether the court erred in failing to adopt specific findings of fact regarding the comparative negligence of the parties; and (3) whether the court erred in its award of damages. We affirm.

Plaintiff was struck by an automobile driven by defendant while plaintiff was walking across Eubank Boulevard in Albuquerque. Defendant stopped his automobile at a stop sign at the intersection of Los Arboles and Eubank N.E. and thereafter while making a left turn hit plaintiff who was standing in the median southbound lane of Eubank. At the time of the accident there were no vehicles ahead of defendant, it was daylight and there were no obstructions impeding defendant's view.

## I. SUFFICIENCY OF EVIDENCE

Defendant challenges the trial court's determination of negligence, contending that the findings are not supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Tapia v. Panhandle Steel Erectors Co.*, 78 N.M. 86, 428 P.2d 625 (1967). On appeal, a reviewing court will resolve all disputed facts in favor of the successful party and all reasonable inferences will be indulged in support of the judgment below. *Id.* at 89, 428 P.2d at 628. Our review of the record before us indi-

cates that the trial court's findings as to defendant's negligence in failing to see the plaintiff and avoid the collision are supported by substantial evidence.

The evidence adduced at trial indicated that there was no obstruction that would have prevented defendant from seeing plaintiff. In addition, Leslie Buchanan, another motorist, testified by deposition that when she saw plaintiff step off of the curb, she ceased accelerating her automobile in order to avoid hitting him. At trial, Albuquerque police officer Joseph E. James, one of the officers investigating the accident, testified that a contributing factor to the accident was defendant's failure to observe the plaintiff.

■ Defendant cites the testimony of Jack L. Ostrower, a motorist who testified by deposition that, while following defendant, he did not see plaintiff crossing the street. The fact that a motorist driving behind defendant also failed to see plaintiff does not mandate reversal of the trial court's decision. Where there are conflicts in the evidence, it is the duty of the fact finder to weigh and evaluate the evidence and to decide where the truth lies. *Lewis v. Bloom*, 96 N.M. 63, 628 P.2d 308 (1981).

■ The record indicates that sufficient evidence was presented for the trial court to conclude that defendant breached his duty to keep a proper lookout by failing to actually see plaintiff, who was in plain sight of others in like or similar circumstances to that of the defendant. The operator of a motor vehicle is required to exercise ordinary care to keep a proper lookout. *Lopez v. Maez*, 81 N.M. 693, 472 P.2d 658 (Ct.App.1970). *See also* SCRA 1986, 13–1201, 13–1202. Maintaining a proper lookout involves a duty to observe matters in plain sight. *See Martinez v. City of Albuquerque*, 84 N.M. 189, 500 P.2d 1312 (Ct. App.1972); *see also* SCRA 1986, 13–1203.

■ A reviewing court does not weigh the evidence but looks to see whether evidence, viewed in the light most favorable to upholding the verdict, affords substantial evidence for the verdict; if so, the verdict must be affirmed. *See Tapia v.*

*Panhandle Steel Erectors Co.* The trial court's determination that defendant was negligent and was a contributing proximate cause of plaintiff's injuries, is supported by substantial evidence.

## II. SUFFICIENCY OF FINDINGS

■ Defendant contends that the trial court erred in failing to make a finding specifically determining the percentage of comparative negligence of each of the parties. Defendant points out that instead of allocating the percentage of negligence of each party as a finding of fact, the trial court's decision included the allocation of each party's comparative negligence under the heading of "Conclusions of Law." Although we agree with defendant's contention that the trial court should have made a specific finding of fact allocating the comparative negligence of each party, upon review of the record before us, we conclude that reversal is not warranted. The trial court's findings clearly indicate that the court found that both defendant and plaintiff were negligent and that their combined negligence was the proximate cause of plaintiff's injuries. Moreover, the record indicates that substantial evidence supports the trial court's finding that both the defendant and plaintiff were negligent and the final judgment entered by the trial court contained specific findings allocating the percentage of negligence between the parties.

The fact that plaintiff was found to have been negligent in crossing the street where there is no crosswalk and in failing to yield to traffic and in failing to keep a proper lookout for motorists after stepping from the curb, all in violation of statute and ordinance, is not disputed by either party on appeal. Instead, as set forth in defendant's brief-in-chief, defendant states that he is complaining only about the failure of the trial court to make a specific *finding* regarding the percentage of plaintiff's negligence; nowhere in defendant's brief does he challenge the percentages allocated by the trial court between the parties.

■ Defendant asserts that the trial court erred by failing to make a specific

finding as to the percentage of negligence allocated to each party, and that without such specific finding, there is insufficient basis for the trial court's determination that plaintiff's negligence is limited to twenty-five percent. We disagree. It is well settled in New Mexico that the function of a reviewing court on appeal is to correct erroneous results, not to correct errors that, even if corrected, would not change the result. *Wright v. Brem*, 81 N.M. 410, 467 P.2d 736 (Ct.App.1970). The trial court is required to find only the ultimate facts, and the ultimate facts in a comparative negligence case embrace only negligence, causation, and the percentage of negligence. *Marcus v. Cortese*, 98 N.M. 414, 649 P.2d 482 (Ct.App.1982). Findings are to be liberally construed in support of a judgment, *H.T. Coker Construction Co. v. Whitfield Transportation, Inc.*, 85 N.M. 802, 518 P.2d 782 (Ct.App.1974), and the occasional intermixture of matters of fact and conclusions of law is not reversible error. *See In re Estate of Hilton*, 98 N.M. 420, 649 P.2d 488 (Ct.App.1982); *see also Watson Land Co. v. Lucero*, 85 N.M. 776, 517 P.2d 1302 (1974). In reviewing the findings of the trial court in a comparative negligence action, the appellate court is bound to indulge in every reasonable presumption to sustain the judgment. *See Ledbetter v. Webb*, 103 N.M. 597, 711 P.2d 874 (Ct.App.1985).

In a comparative negligence action tried to the court without a jury, apportionment of the percentage of fault or negligence is a question of fact, not of law. *See St. Hilaire Moye v. Henderson*, 496 F.2d 973, 982 (8th Cir.), *cert. denied*, 419 U.S. 884, 95 S.Ct. 151, 42 L.Ed.2d 125 (1974); *State v. Kaatz*, 572 P.2d 775 (Alaska 1977); *see also* J. Palmer, S. Flanagan, *Comparative Negligence Manual*, § 10.40 at 6 (Rev. ed. 1986). Hence, in a bench trial involving comparative negligence issues, the trial court is required to adopt a finding of fact determining the percentage of fault of each individual found to proximately contribute to plaintiff's damages. SCRA 1986, 1–052(B)(1). *See also State v. Kaatz.*

In *Kaatz*, the court considered a contention similar to that raised by defendant herein. On appeal, the trial court held that where the court, as the fact finder, determines that both plaintiff and defendant were negligent and contributed to plaintiff's total damages, it must adopt a finding of fact comparing negligence and assign numerical percentages to the negligence of each party. The court also held, however, that the trial court's mislabeling of a finding of fact as a conclusion of law did not necessitate a remand for correction of the decision. The facts in this appeal justify a similar result.

 The trial court's failure to denominate as a finding of fact its determination as to the percentage of negligence between the parties and instead identifying it as a conclusion of law does not constitute reversible error under the record before us. It is the duty of a reviewing court, if possible, to harmonize the findings of fact and conclusions of law and arrive at the real intention of the trial court. *See Morgan Servs., Inc. v. Lavan Corp.*, 89 A.D.2d 798, 453 N.Y.S.2d 508 (1982).

 Whether the trial court's apportionment of negligence was improperly denominated as a conclusion of law rather than a finding of fact is not controlling where the trial court's decision on the matter is clear. A mislabeled finding of fact may nevertheless be treated as a finding, even though it may appear under a "Conclusion of Law" heading. *Korth v. Souza*, 69 Cal.App.3d 31, 137 Cal.Rptr. 823 (1977); *Jordan v. Worthen*, 68 Cal.App.3d 310, 137 Cal.Rptr. 282 (1977); *Thomas v. Thomas*, 569 P.2d 1119 (Utah 1977); *Keller v. City of Bellingham*, 20 Wash.App. 1, 578 P.2d 881 (1978). *Cf. Watson Land Co. v. Lucero; In re Estate of Hilton.*

 In this case, the trial court found the necessary ultimate facts, notwithstanding that the specific percentages were stated in its conclusions of law. Defendant's contention that it is impossible to determine how those percentages were arrived at absent a specific finding is without merit in light of the numerous findings setting forth the court's factual determinations as

to how each party was negligent and indicating that the combined negligence of the parties was the proximate cause of plaintiff's injuries. Moreover, findings of fact adopted by the trial court may be supplemented by findings of fact contained in the judgment entered. *See Ruskin Fisher & Assoc., Inc. v. Mt. Spokane Chair Lift, Inc.*, 114 Wash.App. 330, 540 P.2d 1393 (1975); *In re Estate of Alexander*, 75 Wis. 2d 168, 248 N.W.2d 475 (1977).

▮ The judgment entered herein contained additional findings of fact providing:

1. That the Defendant is 75 per cent liable for the accident of December 22, 1983;

2. That the Plaintiff is 25 per cent liable for the accident of December 22, 1983; and

3. That the Plaintiff sustained total damages in the amount of $60,000.00 prior to any reduction for the Plaintiff's own negligence.

The findings of fact adopted by a trial court must encompass such ultimate facts as are necessary to disclose to the reviewing court the basis for the trial court's decision. *Mora v. Martinez*, 80 N.M. 88, 451 P.2d 992 (1969). The findings and conclusions made in this case, together with the supplemental findings of fact contained in the court's judgment, suffice to enable us to perform meaningful appellate review.

### III. AMOUNT OF DAMAGES

Defendant argues that the trial court erred in determining that plaintiff suffered $60,000 in damages, prior to apportioning any reduction for plaintiff's own negligence. Defendant contends that the award is excessive and is not supported by substantial evidence. In support of his position, defendant attacks the sufficiency of the evidence regarding the specific damages that the court determined were sustained by plaintiff as a result of the accident. Defendant asserts that the court's findings that plaintiff suffered damages resulting from chronic post-traumatic cervical strain, broken tibia or fibula, 20% permanent impairment, and an inability to perform ordinary and normal household main-

tenance and improvements, were unsupported by substantial evidence. Defendant further argues that virtually all of the $60,000 in damages found by the court was for pain and suffering, and constituted "the only compensable element of damages * * *." Defendant argues that the award is excessive. We disagree.

▮ Defendant's challenge to the trial court's award of damages omits discussion of the trial court's findings that plaintiff suffered a fractured skull, derangement of the left knee, and confinement to his home for a period of approximately fifteen months due to his inability to stand or walk any significant distance, or to squat or kneel. Defendant does not challenge the propriety of awarding plaintiff compensation for pain and suffering, but contests the amount of the award. Pain and suffering are proper elements of damages in personal injury actions. *See Vaca v. Whitaker*, 86 N.M. 79, 519 P.2d 315 (Ct.App.1974); *see also* SCRA 1986, 13–1807. There is no standard fixed by law for measuring the value of pain and suffering; rather, the amount to be awarded is left to the fact finder's judgment. *See Strickland v. Roosevelt County Rural Elec. Coop.*, 99 N.M. 335, 657 P.2d 1184 (Ct.App.1982), *cert. denied*, 463 U.S. 1209, 103 S.Ct. 3540, 77 L.Ed.2d 1390 (1983).

▮ As a general rule, unless it appears that the amount awarded is so grossly out of proportion to the injury received as to shock the conscience, an appellate court is precluded from substituting its judgment for that of the fact finder. *See Mathis v. Atchison, T. & S.F. Ry.*, 61 N.M. 330, 300 P.2d 482 (1956). Additionally, an appellate court will not disturb a trial court's award for pain and suffering unless it appears from the record that the award was influenced by partiality, prejudice, corruption, or a mistaken view of the evidence. *See Grammer v. Kohlhaas Tank & Equip. Co.*, 93 N.M. 685, 604 P.2d 823 (Ct.App. 1979).

▮ In the instant case, the trial court's determination of total damages is not inconsistent with the injuries found to have

been suffered by plaintiff so as to warrant modification or reversal. Nor has defendant shown that the trial court's award was improperly influenced or was the result of a mistaken view of the evidence. Although defendant challenges the trial court's finding that plaintiff suffered a 20% permanent impairment, he acknowledges that the evidence supports a finding of a lesser percentage. The trial court's findings as to the injuries sustained by plaintiff, including pain and suffering, suffice to support the trial court's damage award. *See Mathis v. Atchison, T. & S.F. Ry.; Strickland v. Roosevelt County Rural Elec. Coop.; Grammer v. Kohlhaas Tank & Equip. Co.*

We affirm the judgment of the trial court.

IT IS SO ORDERED.

FRUMAN and APODACA, JJ., concur.