This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**YVONNE UNALE,**

Plaintiff-Appellee,

v.

NO. 32,185

**REHOBOTH McKINLEY CHRISTIAN HEALTH CARE SERVICES, INC., a domestic nonprofit corporation doing business as REHOBOTH McKINLEY CHRISTIAN HOSPITAL; DEBORAH RIVERA, PA-C; and JOHN DOES 1 through 10,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Whitener Law Firm
Charles William Bennett
Albuquerque, NM

for Appellee

Kennedy, Moulton & Wells, PC
Debra Moulton
Albuquerque, NM

for Appellants

**CASTILLO, Chief Judge.**

Defendants appeal the district court's decision that Plaintiff received an excessive dose of lidocaine and should be awarded $15,000 for pain and suffering. We proposed to affirm in a calendar notice, and we have received a response from Defendants. We have considered Defendants' arguments, but we find them unpersuasive. We affirm.

Defendants' counsel has failed to comply with our rule on pagination of documents that requires all papers to be "paginated with consecutive page numbers at the bottom." Rule 12-305(B)(3) NMRA. We remind counsel to carefully read and follow our appellate rules in the future.

Defendants claim that Plaintiff established a breach of the standard of care but failed to show a causal connection between the lidocaine overdose and Plaintiff's "symptoms" or "any injury to her." [MIO unnumbered 2-3] Defendants do not specify what they are referring to by "symptoms" or "any injury to her." As noted in our calendar notice, Plaintiff's expert testified that Plaintiff received an overdose of lidocaine; she had a toxic reaction to the amount of lidocaine; following the

administration of the lidocaine overdose, Plaintiff was hospitalized; and the effects of the lidocaine would have lasted seven days. Clearly, the testimony from Plaintiff's expert established a causal connection between the lidocaine overdose and Plaintiff's subsequent hospitalization and the seven days that the lidocaine effects would have lasted. We note that, in her complaint, Plaintiff claimed that, as a result of the overdose, she continued and will continue in the future to "suffer from headaches, memory loss, muscle spasms and generalized weakness and fatigue." [RP 4] However, the district court did not base its award on Plaintiff's claim of residual or continuing effects or injuries from the overdose. In fact, the district court stated that there was negligence, but there was no causal connection between what now afflicts Plaintiff and the overdose of lidocaine. [RP 452] The district court's decision was based only on the lidocaine overdose, the immediate hospitalization, and the seven-day period over which the effects of the overdose lasted. The court determined that Plaintiff should receive $15,000 for the three days in the hospital directly following the lidocaine overdose and the full seven days that the effects of the lidocaine lasted. There is nothing to suggest that the award was connected to any of the other ailments claimed by Plaintiff.

Defendants claim that Plaintiff did not provide "specific" testimony about the three days in the hospital or the remaining days during which the lidocaine effects

lasted.  This Court does not evaluate pain and suffering.  *See Sandoval v. Chrysler Corp.*, 1998-NMCA-085, ¶ 13, 125 N.M. 292, 960 P.2d 834.  Instead, the amount of an award for pain and suffering is determined based on the good sense and deliberate judgment of the trier of fact.  *Id.*  In addition, there is no legal standard for measuring the value of pain and suffering.  *See Sheraden v. Black*, 107 N.M. 76, 81, 752 P.2d 791, 796 (Ct. App. 1988).  Here, the district court was provided with evidence that Plaintiff suffered a lidocaine overdose, she had a toxic reaction that sent her to the hospital, Plaintiff had to be placed on a breathing machine, and the effects of the lidocaine lasted seven days.  The award was not based on surmise or speculation.

Based on the discussion in this opinion and in our calendar notice, we affirm the decision of the district court.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

_____

**J. MILES HANISEE, Judge**