This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40430**

**MEL A. GORDUYN and THERESA GORDUYN,**

  Plaintiffs-Appellees,

v.

**LAMAR POTTER and KATHLEEN POTTER,**

  Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Court Judge**

Law Office of Tibo J. Chavez, Jr.
Tibo J. Chavez, Jr.
Belen, NM

for Appellees

Stalter Law LLC
Kenneth H. Stalter
Albuquerque, NM

for Appellants

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendants appeal the district court's judgment. We issued a calendar notice proposing to affirm. Defendants have filed a memorandum in opposition, and Plaintiffs have filed a memorandum in support, both of which we have duly considered. Unpersuaded, we affirm.

**{2}** In the proposed summary disposition, this Court proposed to conclude that Defendants failed to demonstrate error by failing to indicate how the statute of limitations issue was raised at trial, if the matter was ruled upon, or indicate whether Defendants sought to amend the pleadings to include the statute of limitations as an affirmative defense. [CN 2] *See* Rule 1-008(C) NMRA (identifying statute of limitations as an affirmative defense that "a party shall set forth" in "pleading to a preceding pleading"); *see, e.g., Xorbox v. Naturita Supply Co.*, 1984-NMSC-062, ¶ 9, 101 N.M. 337, 681 P.2d 1114 ("[I]t is well settled that an affirmative defense not pleaded or otherwise properly raised is waived."). In the memorandum in opposition, Defendants argue that Plaintiffs' claims were barred by the statute of limitations, assert that the district court permitted consideration of the issue at trial, and submit that pleadings may be amended to conform to the evidence after judgment. [MIO 2-3] Defendants suggest that the statement, "I thought you mentioned that you would research the [s]tatute of [l]imitations in New Mexico," made in a letter to the district court after the conclusion of the bench trial, is sufficient to demonstrate the district court "permitted consideration of the statute of limitations at trial." [MIO 2]

**{3}** The existence of that statement in the record, however, does not ameliorate the inadequacies identified in the proposed summary disposition. [MIO 2-3] In particular, while it may be enough to indicate the issue was raised at trial, Defendants provide no context for the statement. Defendants have failed to identify any facts demonstrating the matter was ruled upon or litigated without objection from Plaintiffs. Similarly, Defendants have not pointed to any facts demonstrating that they sought to amend the pleadings to conform to the evidence. As such, Defendants have failed to demonstrate the district court abused its discretion. *See Krieger v. Wilson Corp.*, 2006-NMCA-034, ¶ 24, 139 N.M. 274, 131 P.3d 661 ("This Court reviews the denial of a motion for leave to amend for an abuse of discretion. An abuse of discretion occurs when the court exceeds the bounds of reason, all the circumstances before it being considered."); *see also Yurcic v. City of Gallup*, 2013-NMCA-039, ¶ 10, 298 P.3d 500 ("As a general rule, issues as to whether a claim has been timely filed or whether good cause exists for delay in filing an action are questions of fact[.]" (internal quotation marks and citation omitted)); *see also Rodriguez ex rel. Rodarte v. Sanchez*, 2019-NMCA-065, ¶ 25, 451 P.3d 105 ("On appeal, this Court will not assume the role of the trial court and delve into such a fact-dependent inquiry." (alteration, internal quotation marks, and citation omitted)).

**{4}** Turning to Defendants' contention that the district court erred in failing to apply comparative fault and the duty to mitigate in calculating damages, we are similarly unpersuaded. [MIO 3-6] Even assuming the district court was required to consider comparative fault when calculating the damages award, Defendants have not pointed to anything in the record indicating the district court failed, or declined, to do so. Instead, implicit in the district court's failure to apportion any percentage of fault to Plaintiffs is a determination that Plaintiffs did not contribute to the total damages. *See Hicks v. Eller*, 2012-NMCA-061, ¶ 3, 280 P.3d 304 ("The basis for comparative fault is that each individual tortfeasor should be held responsible only for his or her percentage of the harm." (text only) (internal quotation marks and citation omitted)); *Sheraden v. Black*, 1988-NMCA-016, ¶ 12, 107 N.M. 76, 752 P.2d 791 (acknowledging that a trial court

acting as the fact-finder need adopt a finding of fact assigning numerical percentages to the negligence of each party only when it determines that both the plaintiff and the defendant were negligent and contributed to the total damages). Defendants' argument that the existence of contrary evidence indicates the district court failed to consider comparative fault therefore amounts to little more than an invitation to reweigh the district court's assessment of the evidence relating to damages. Apportionment of fault is a question of fact. *Sheraden v. Black*, 1988-NMCA-016, ¶ 11, 107 N.M. 76, 752 P.2d 791 ("In a comparative negligence action tried to the court without a jury, apportionment of the percentage of fault or negligence is a question of fact, not of law."). "[W]e will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." *Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177.

{5}     Furthermore, to the extent Defendants' argument regarding comparative fault is part of a broader challenge regarding substantial evidence, Defendants' identification of evidence contrary to the district court's decision is insufficient to satisfy their burden of demonstrating the damages award was not supported by substantial evidence. *See N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 ("The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." (internal quotation marks and citation omitted)). "[I]t is not the function of an appellate court on review to weigh the testimony and evidence presented below, but rather to ascertain whether there is substantial evidence to support the trial court's findings of fact and conclusions." *Robey v. Parnell*, 2017-NMCA-038, ¶ 30, 392 P.3d 642 (internal quotation marks and citation omitted).

{6}     Finally, with regard to Defendants' argument that the district court's alleged failure to consider mitigation of damages amounted to error, we note that the mitigation of damages "is an affirmative defense which [a] defendant must plead." *McGinnis v. Honeywell, Inc.*, 1990-NMSC-043, ¶ 22, 110 N.M. 1, 791 P.2d 452. Defendants concede that mitigation of damages was not pleaded in this case. [MIO 5] *See Xorbox*, 1984-NMSC-062, ¶ 9 ("[I]t is well settled that an affirmative defense not pleaded or otherwise properly raised is waived.").

{7}     For the foregoing reasons and for the reasons stated in our notice of proposed disposition and herein, we affirm.

{8}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**GERALD E. BACA, Judge**