This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40194**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**DAVID SALAZAR,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Melissa A. Kennelly, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to an order for a modified briefing schedule. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order in *In re Pilot Project for Criminal Appeals*, No. 2022-002, we affirm for the following reasons.

**{2}** The State appeals the district court's suppression of evidence, specifically contending that "[t]he district court erred by concluding that the officer lacked reasonable suspicion for the traffic stop without determining whether the officer made a reasonable mistake of law" based on the vehicle's window tinting and out-of-state temporary registration tag. [BIC 4] The State does not appear to challenge the underlying merits of the district court's decision, only the manner in which the district court addressed the issues.

**{3}** First, we note that the record does not indicate that the "[district] court's ruling was largely predicated on its conclusion that the stop was based on a mistake of law about the relevant New Mexico traffic statute being applicable to any vehicle being operated in the state instead of, as the statute reads, to only those vehicles registered or required to be registered in New Mexico." [BIC 1] Rather, the district court explicitly noted in its order that overly dark window tint is a crime "only if that vehicle had been registered, or was required to be registered, in the State of New Mexico" under NMSA 1978, Section 66-3-846.1(A) (2018). [RP 108 ¶ 15] The district court continued, noting the following: "At the time that [the officer] stopped [Defendant]'s car, it was displaying a visible Colorado registration tag"; the officer "articulated no specific facts that caused him to believe that the car was improperly registered in Colorado or required to be registered in the State of New Mexico"; and the officer "did not conduct, nor did he intend to conduct, any investigation about whether the car that displayed a Colorado registration tag was actually required to be registered in the State of New Mexico." [RP 108 ¶¶ 16-18]

**{4}** We further observe that the specific contention on appeal—that the district court erred in failing to specifically address the reasonableness of the officer's purported mistake of law—was never raised by the State before the district court. Preservation requirements are designed "(1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue." *Ferebee v. Hume*, 2021-NMCA-012, ¶ 25, 485 P.3d 778 (internal quotation marks and citation omitted). These requirements are particularly important to assist in our development of constitutional law and to ensure that we are deciding novel constitutional questions that have been actually presented by the facts. *Cf. State v. Mares*, 2024-NMSC-002, ¶ 29, 543 P.3d 1198 (emphasizing that the process of raising and preserving state constitutional claims cannot be avoided merely because constitutional rights are fundamental).

**{5}** In its brief in chief, the State acknowledges that it failed to raise its mistake of law claim "as a basis to support a finding of reasonable suspicion[,]" but asks that "the preservation issue be read reasonably." [BIC 12 n.8] However, we bear in mind that the State bore the burden of both establishing the reasonableness of the traffic stop, as well as preserving its contentions for appeal, before the district court. *See State v. Williams*, 2011-NMSC-026, ¶ 8, 149 N.M. 729, 255 P.3d 307 ("Warrantless seizures are presumed to be unreasonable and the State bears the burden of proving

reasonableness." (internal quotation marks and citation omitted)); *see also State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a [party] must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). Further, it is incongruent that the State asks this Court for leniency in addressing its unpreserved argument, but asserts error by the district court for not determining the same unraised issue. *See State v. Gomez*, 1997-NMSC-006, ¶ 29, 122 N.M. 777, 932 P.2d 1 (stating that the preservation requirements are designed to require the development of facts in the district court, allow the district court to correct any mistake, and to give the opposing party a fair opportunity to respond).

**{6}** Lastly, we consider the fact the State does not challenge the other grounds relied on by the district court in suppressing the evidence. While the State focuses its briefing on the traffic stop, it does not challenge the district court's additional conclusions regarding the illegality of the warrantless entry into the vehicle. The district court's conclusions regarding this entry, which took place prior to the seizure of the purported controlled substance and firearm, provided the district court with additional grounds to suppress the evidence. [RP 109-113] As a result, even if we were to conclude that the district court erred in failing to address the reasonableness of the officer's mistake of law regarding the traffic stop, the district court's suppression based on the warrantless entry would remain. *See State ex rel. Child., Youth & Fams. Dep't v. Hector C.*, 2008-NMCA-079, ¶ 10, 144 N.M. 222, 185 P.3d 1072 ("We do not address arguments not raised on appeal."). Thus, we note that "[i]t is well settled in New Mexico that the function of a reviewing court on appeal is to correct erroneous results, not to correct errors that, even if corrected, would not change the result." *Sheraden v. Black*, 1988-NMCA-016, ¶ 10, 107 N.M. 76, 752 P.2d 791; *see also State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error.").

**{7}** For these reasons, we affirm the district court's order.

**{8}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**