This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42353**

**ERIN RACKERS and JOSHUA RACKERS,**

Plaintiffs-Appellees,

v.

**JAMES BANAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Court Judge**

Erin Rackers
Joshua Rackers
Albuquerque, NM

Pro Se Appellees

James Banas
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**BACA, Judge.**

**{1}** Appellant appeals from the district court's order denying his request for attorney fees. We issued a notice of proposed summary disposition proposing to affirm, and Appellant has responded with a memorandum in opposition. After due consideration, we remain unpersuaded that our initial proposed affirmance was incorrect, and we therefore affirm the district court.

**{2}** In his memorandum in opposition, Appellant first sets out a list of alleged errors made by this Court in its notice of proposed summary disposition. [MIO 3-5] Many of Appellant's assertions essentially amount to semantic quibbling. For example, Appellant contends that this Court erred when it stated that Appellant filed "multiple motions for attorney fees" below because, "[i]n fact Appellant filed a single motion amended multiple times." [MIO 3] Appellant also takes issue with this Court's statement that the district court found that an award of attorney fees was "not justified," because, in fact, the district court had found that an award of attorney fees "would be an abuse of discretion." [MIO 3] These sorts of hairsplitting observations provide no basis for reversal of the district court, and we do not consider them. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred); *Sheraden v. Black*, 1988-NMCA-016, ¶ 10, 107 N.M. 76, 752 P.2d 791 ("It is well settled in New Mexico that the function of a reviewing court on appeal is to correct erroneous results, not to correct errors that, even if corrected, would not change the result.").

**{3}** We now turn to the merits of Appellant's memorandum in opposition. To briefly restate the relevant facts and procedural history, the underlying case was initiated when Appellees filed an application for a restraining order against Appellant on May 1, 2023. [RP 1] After issuance of a temporary restraining order (TRO) on May 2, 2023, the district court entered an order of dismissal without prejudice on June 12, 2023, following a hearing on the application. [RP 20-21, 33] In its order, the district court found that "[Appellees] failed to meet their burden of proof sufficient for the [c]ourt to grant the requested [r]estraining [o]rder." [RP 33]

**{4}** On June 23, 2023, Appellant filed a motion requesting attorney fees. [RP 35] Appellant asserted in his motion that an award of attorney fees was warranted because Appellees misused the temporary restraining order process to achieve an illegitimate end, and Appellant incurred significant attorney fees as a result. [RP 35] Appellant filed subsequent pleadings seeking attorney fees on July 14, 2023, July 21, 2023, August 28, 2023, November 27, 2023, and February 26, 2024. [RP 39, 43, 48, 55, 62]

**{5}** The district court entered an order denying Appellant's request for attorney fees on May 16, 2024. [RP 71] In its order, the district court found that:

> [a]lthough [Appellees] ultimately did not prevail on their petition for a permanent injunction, the alleged conduct by [Appellant] toward [Appellees] was enough of a concern that their filing a petition for a TRO clearly was not done without sufficient cause in their minds, and there is no showing of bad faith on the part of [Appellees]. Therefore, it would be an abuse of discretion by this Court to award attorney[] fees to [Appellant].

[RP 71]

**{6}** On June 17, 2024, Appellant filed a motion for reconsideration. [RP 72] On July 8, 2024, the district court scheduled a hearing on the motion for reconsideration for July

22, 2024 at 10:40 a.m. [RP 88] However, on July 22, 2024, the district court entered an order granting Appellant's motion for attorney fees at 9:02 a.m., prior to the start time of the scheduled hearing on the motion. [RP 90] The district court found that the motion was well-taken and that Appellant was entitled to reasonable attorney fees incurred in procuring the dissolution of the restraining order under Rule 1-066 NMRA and the equitable exception to the American rule. [RP 90] *See Paz v. Tijerina*, 2007-NMCA-109, ¶ 9, 142 N.M. 391, 165 P.3d 1167 ("New Mexico follows the American rule which states that, in the absence of statute, court rule, or contractual agreement, the prevailing party will not normally receive attorney fees.").

**{7}** Later that same day, Appellees filed a motion for reconsideration of the award of attorney fees. In it, Appellees explained that they were prepared to oppose Appellant's motion for reconsideration at the scheduled hearing, but that when they logged into the video conferencing link at the scheduled time, another matter was being heard. Appellees were only later informed that the district court had preemptively issued an order granting Appellant's motion for reconsideration that morning. [RP 91-92]

**{8}** On August 19, 2024, the district court entered an order in which it afforded either party the opportunity to supplement the record on Appellees' motion for reconsideration of the award of attorney fees. [RP 106] In that order, the district court also directed Appellant to cease contacting the district court or its staff through telephone, email, or text. [RP 107] On September 5, 2024, following the submission of various pleadings from the parties, the district court entered an order granting Appellees' motion for reconsideration of the July 22, 2024 order awarding attorney fees. [RP 123] In its order, the district court noted that after Appellant filed his motion for reconsideration of the order denying attorney fees:

> [Appellees] never filed a response, and this Court thus granted [Appellant's] motion for reconsideration and request for attorney[] fees, specifically noting in its July 22, 2024 [o]rder that [Appellees] had failed to respond to the motion for reconsideration. This order was, for all practical purposes, a default judgment against [Appellees].

[RP 123]

**{9}** The district court also found Appellees' reasons for their failure to respond to motion for reconsideration to be "valid and have merit." [RP 123] The district court further noted that

> [Appellant], unreasonably and incorrectly so, tries to argue that [Appellees] should not have been allowed to explain why they did not respond to his motion for reconsideration. [Appellant's] argument flies in the face of a plethora of New Mexico case law, which holds that default relief is the rare exception, not the norm. [Appellant] also has made much of perceived procedural irregularities arising out of the filing of these various motions for reconsideration. The pro se parties in this case, themselves, have

contributed to any irregularities, given the numerous, repetitive and somewhat confusing paperwork filed by each.

[RP 123-124] The district court further stated "that its original [o]rder of May 15, 2024[,] was and is valid. [Appellant] simply has not demonstrated any statutory or equitable right to attorney[] fees in this matter. This Court's May 15, 2024 [o]rder speaks for itself." [RP 124] Appellant filed a motion for reconsideration of this order, which the district court denied on October 10, 2024. [RP 125, 136] This appeal followed.

**{10}** In his memorandum in opposition, Appellant continues to argue that the district court erred in granting Appellees' motion for reconsideration of its July 22, 2024 order awarding attorney fees. We review district court rulings resolving motions to reconsider for an abuse of discretion. *See Rivera v. Trujillo*, 1999-NMCA-129, ¶ 16, 128 N.M. 106, 990 P.2d 219. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

**{11}** Appellant first argues that the district court erred when it characterized the July 22, 2024 order as a "default judgment." [MIO 5-9] Appellant points out that order did not contain the word "default," did not cite to Rule 1-055 NMRA (governing default judgments), and that the various requirements for entering and setting aside default judgment were not met. [MIO 5-8]. Appellant contends that under the circumstances, the July 22, 2024 order can only be considered a judgment on the merits on the issue of attorney fees. [MIO 6-8]

**{12}** However, even assuming that the district court's July 22, 2024 order was a judgment on the merits of the attorney fee request and not a form of default judgment, the district court was within its authority to reconsider its award of attorney fees. Irrespective of how the July 22, 2024 order is termed, what is relevant to this appeal, as we endeavored to explain in the notice of proposed summary disposition, is that Appellees timely filed a motion to reconsider. Accordingly, the order was nonfinal, and the district court could reconsider the order. *See State v. Romero*, 2014-NMCA-063, ¶ 5, 327 P.3d 525 ("[T]he finality of a judgment may be suspended by the timely filing of a motion for reconsideration."); Rule 12-201(D)(4) NMRA (stating that the district court retains jurisdiction to dispose of motions for reconsideration, upon the timely filing of such a motion); *see also Barnett v. Cal M Inc.*, 1968-NMSC-159, ¶ 7, 79 N.M. 553, 445 P.2d 974 (noting the district court's ongoing jurisdiction over cases without final judgments and its power to revise its rulings). *See generally Levenson v. Haynes*, 1997-NMCA-020, ¶ 10, 123 N.M. 106, 934 P.2d 300 (providing that orders entered before a final judgment are interlocutory and as such the district court may revise or rescind such orders at any time before entry of final judgment).

**{13}** Appellant also focuses heavily on the language in the July 22, 2024 order in which the district court stated that it found Appellant's motion for reconsideration to be

"well taken." [MIO 9-12] Appellant contends that this statement can only mean that the district court "necessarily made factual findings in accord with all of Appellant's assertions and by their nature these factual findings have equal veracity to those explicitly stated." [MIO 10] Appellant has cited to no authority in support of this overly-broad understanding of the phrase, and we reject it. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *ITT Educ. Servs., Inc. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority). However, even if the district court did make findings in accordance with the narrative set out in Appellant's motion for reconsideration, the district court could reconsider those findings prior to entry of final judgment. Appellant's claims that "the [d]istrict [c]ourt considered itself bound by its own findings," and that the "ruling demonstrates that the district court left no room for reconsideration on the matter" are simply incorrect and are contravened by our case law and the rules of procedure. [MIO 14] *See generally Sims v. Sims*, 1996-NMSC-078, ¶ 59, 122 N.M. 618, 930 P.2d 153 (stating that decisions made by the court prior to final judgment may be revised at any time prior to final judgment); Rule 1-059 NMRA.

**{14}** The only issue then is whether the district court abused its discretion in granting Appellees' motion for reconsideration, or, stated another way, did the district court abuse its discretion in denying Appellant's request for attorney fees. For the following reasons, we find Appellant's arguments on this issue unpersuasive.

**{15}** Appellant first argues that the district court abused its discretion in granting Appellees' motion for reconsideration because Appellees acknowledged that their lack of response to Appellant's motion to reconsider was not the result of negligence or inadvertence, but was a purposeful decision to not engage with Appellant's motion. [MIO 12] Appellant also asserts that it was error for the district court to allow Appellees to make a "delayed entry" into the matter by way of the motion for reconsideration. However, Appellant cites to no authority to suggest that the district court was required to deny Appellees' motion for reconsideration on these bases. *See Curry*, 2014-NMCA-031, ¶ 28 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Moreover, under the circumstances of the case, as outlined in detail above, we see no abuse of discretion in the district court's consideration of Appellees' explanation for not responding to Appellant's motion for reconsideration. *See generally Garcia v. Jeantette*, 2004-NMCA-004, ¶ 15, 134 N.M. 776, 82 P.3d 947 ("An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances of the case." (internal quotation marks and citation omitted)).

**{16}** Appellant next argues that Appellees did not offer any new information in their motion for reconsideration, citing *In re Est. of Keeney*, 1995-NMCA-102, ¶ 12, 121 N.M. 58, 908 P.2d 751. [MIO 13] However, the authority cited deals with reconsideration in the context of a grant of summary judgment, which is not at issue in this case. *See generally Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622,

857 P.2d 22 ("[C]ases are not authority for propositions not considered." (internal quotation marks and citation omitted)).

**{17}** Appellant also argues that the district court erred in denying his request for attorney fees because the district court had found that Appellees committed perjury during the course of the proceedings to obtain the restraining order. [MIO 15] In fact, there is no such finding in the record. To the extent Appellant argues that the district court expressly or implicitly made such a finding when it found his motion for reconsideration to be "well taken," we disagree.

**{18}** Finally, to the extent Appellant argues that the district court was required to award attorney fees because it found that Appellees did not meet the standard of proof necessary to prevail on their application for a restraining order, we disagree, as Appellant has cited to no authority to support such a contention. [MIO 16] *See Curry*, 2014-NMCA-031, ¶ 28 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). We reject Appellant's suggestion that Appellees' failure to meet the standard of proof evidenced that they acted in bad faith in seeking the restraining order. [MIO 16] The district court found that Appellees believed they had sufficient cause for the restraining order, and we see no error in this finding. [RP 71] Accordingly, to the extent Appellant contends that the district court was required to award attorney fees on this basis, we disagree.

**{19}** Appellant also continues to argue that the district court erred in limiting his contact with the district court staff. The district court's order states in relevant part

> [Appellant] also has inappropriately contacted this Court's staff, essentially seeking legal advice and attempting to interfere with this [c]ourt's discretionary administration of its docket. [Appellant] is not to contact this [c]ourt or its staff by telephone or by email/text. Such conduct is tantamount of ex parte communication.

[RP 107]

**{20}** Appellant does not challenge the district court's findings that he inappropriately contacted court staff or that he attempted to interfere with the district court's administration of its docket. Instead, Appellant asserts that this Court erred when it noted that ex parte communications are prohibited because Rule 21-209 NMRA actually allows for certain exceptions. [MIO 17-18] Appellant also points out that Rule 21-209(B) states that "[i]f a judge inadvertently receives an unauthorized ex parte communication bearing upon the substance of a matter, the judge shall make provision promptly to notify the parties of the substance of the communication and provide the parties with an opportunity to respond." Appellant reasons that since the district court did not take any action under Rule 21-209(B), his communications with the district court were necessarily not ex parte communications, and there was therefore no basis for the district court's order limiting his contact with its staff. [MIO 17-18]

**{21}**     We disagree. We first note that the district court did not find that an ex parte communication had occurred. Rather, it found that Appellant's conduct was *tantamount* to an ex parte communication. [RP 107] To the extent the district court believed that Appellant's conduct was approaching the level of an ex parte communication, it was authorized and required to take steps to protect the integrity of the proceedings. *See* Rule 21-209(A) (prohibiting a judge from permitting ex parte communications).

**{22}**     Moreover, Appellant's parsing of Rule 21-209 misses the material issue, which is that Appellant's interactions with court staff were causing problems and were disruptive to the district court's ability to conduct its normal operations. Under such circumstances, the district court acted reasonably in prohibiting Appellant from contacting its staff further by phone or email. *See generally State ex rel. N.M. State Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶ 11, 120 N.M. 1, 896 P.2d 1148 (recognizing that courts have "inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings" (internal quotation marks and citation omitted)).

**{23}**     We note that the district court did not limit in any way Appellant's ability to file pleadings or participate in the actual proceedings before the district court. And Appellant has not stated how the district court's requirement that he stop contacting the district court and its staff by phone or email resulted in any prejudice. Accordingly, there was no error. *See generally Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[I]n the absence of prejudice, there is no reversible error." (internal quotation marks and citation omitted)).

**{24}**     For these reasons and those set out in our notice of proposed summary disposition, we affirm the district court.

**{25}    IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**